# EXHIBIT A

Insurance Commissioner
ACCEPTED SOF

JAN 22 2025

2 PM

BENTON COUNTY
FILED
JAN 17 2025 9:18:23 AM
JOSIE DELVIN
BENTON COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF BENTON

WARREN and WENDY BECK, individually and as the marital community thereof,

Plaintiffs,

vs.

AMERICAN FAMILY INSURANCE COMPANY, a foreign insurance company,

Defendant.

No. 25-2-00121-03

**COMPLAINT FOR DAMAGES**

PLAINTIFFS Warren and Wendy Beck, by and through their attorney of record, Ryan M. Best, alleges as follows:

## I.  PARTIES

1.1  Plaintiffs Warren and Wendy Beck ("the Beck's") are residents of the State of Washington, County of Benton.

1.2  Defendant American Family Insurance Company ("American Family") is a foreign insurance company doing business in the State of Washington, County of Benton.

1.3  At all times material hereto, Defendant American Family has an office for the transaction of business in the State of Washington, County of Benton.

COMPLAINT FOR DAMAGES - 1

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1.4 At all times material hereto, American Family was transacting business at the time the incident occurred, in Benton County, Washington.

1.5 Defendant American Family is a member of American Family Insurance Group.

1.6 Defendant American Family is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

1.7 All acts alleged herein occurred in the State of Washington, County of Benton.

1.8 Jurisdiction and Venue are proper in this Court pursuant to RCW 2.02.010, 4.12.010(1), 4.12.025(1), and 60.04.141.

1.9 If this matter is removed to federal court, this complaint seeks a jury trial in federal court.

## II. FACTS

2.1 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 1.9, as if set forth fully herein.

2.2 Defendant American Family issued an insurance policy to Plaintiffs insuring their home in Kennewick, Washington. The policy covered the Plaintiffs and their home. Plaintiffs paid a valuable premium for the coverages and protections contained in the policy. The policy period was December 12, 2023, to December 12, 2024..

2.3 The policy provides coverage for the dwelling, coverage for personal property, loss of use, and other additional coverages.

2.4 Plaintiffs are insureds and first-party claimants under the policy.

COMPLAINT FOR DAMAGES - 2

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.2  On March 10, 2024, a claim was opened between American Family and the Beck's after a loss occurred at their property located at 4701 S Jean St., Kennewick, WA 99337.

2.3  Plaintiffs gave prompt notice to Defendant American Family.

2.4  Upon information and belief, the policy provides coverage for the dwelling; coverage for personal property; and other additional coverages.

2.5  Upon information and belief, the policy is an all-risk policy, which means that all risks are insured against except for those specifically excluded.

2.6  The damage that occurred was covered under their policy.

2.7  The policy contains provisions relating to loss settlement.

2.8  Under the policy, damage to the building is paid on a replacement-cost value basis. In many situations, the policy provides for the payment of actual cash value until repair or replacement is complete.

2.9  On April 17, 2024, the Beck's retained Property Claim Advocates as their representative for their claim with American Family.

2.10  PCA notified American Family of their representation of Plaintiffs by e-mail on April 18, 2024. In that correspondence, PCA requested a certified copy of the insuring agreement and all endorsements as well as all other pertinent claim documentation/information.

2.11  American Family's assigned adjuster sent correspondence on April 19, 2024, stating that the claim was for mold and coverage was capped at $5,000.

COMPLAINT FOR DAMAGES - 3

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.12  PCA sent correspondence on May 8, 2024, explaining that the Beck's were not making a claim for mold, but rather a CAT 3 water loss. PCA went on to explain that the Beck's had mitigated their own damage to fulfill their obligations under the policy in an attempt to lessen the damage to their home.

2.13  The Beck's are not IICRC certified in restoration and were unaware of the demolition and cleaning protocol necessary for a CAT 3 water loss.

2.14  The Beck's through their representative requested that American Family overturn the wrongful application of the mold limit and partial denial.

2.15  On July 30, 2024, PCA, on behalf of the Beck's, submitted their Sworn Statement in Proof of Loss for repair in the amount of $63,675.30 to American Family.

2.16  Upon information and belief, American Family failed to acknowledge, accept or deny the Beck's Sworn Statement in Proof of Loss.

2.17  To date, the Beck's are the only party to provide an estimate that a contractor is ready, willing, and able to complete the repairs necessary on the home to return it to its pre-loss condition without supplement.

2.18  Upon information and belief, the policy contains a provision known in the industry as the "our option" provision. When the insurer exercises its option, the insurance company itself undertakes the repairs.

2.19  Except when it exercises its option, the insurance company does not choose the contractor to perform repairs. Except when the insurance company exercises its option, it is the insureds' right to choose the contractor.

COMPLAINT FOR DAMAGES - 4

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.20 No provision in the policy requires any contractor to agree to pricing dictated by the insurance company or whatever consultant or software used by the insurance company to arrive at a benefits amount.

2.21 The insurance company did not exercise its option in this case. It does not have the ability to choose the contractor. Plaintiffs have the right to choose the contractor. The policy does not require an insured to choose the least expensive contractor. The insurance company is able to recommend contractors to the insureds for their consideration.

2.22 In addition to promises written in the policy, insurance companies such as Defendant American Family owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

2.23 The cost of an insurance investigation is an important benefit in the policy that Defendant American Family must pay. The policy does not require the insured to pay for experts to fully and fairly investigate the amount of benefits owed.

2.24 The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies.

COMPLAINT FOR DAMAGES - 5

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

Defendant American Family owes those duties to the Plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

2.25 Insurance industry standards in the State of Washington require Defendant American Family to comply with the Unfair Claims Settlement Practices Regulation. The regulation reflects minimum industry standards.

2.26 For example, insurance companies are prohibited by industry standards and Washington Administrative Code Regulation (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims.
- Failing to advise insured of what is necessary to complete the claim.
- Failing to assist the insured.
- Compelling first party claimants into litigation or appraisal by offering substantially less than the amounts due under policies.
- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.
- Failing to disclose all rights and benefits under an insurance policy to the insured.
- Failing to provide an explanation of the coverage under which payments were made.
- Attempting to transfer the cost of investigation to the insured.
- Failing to complete a full and fair investigation within 30 days.

COMPLAINT FOR DAMAGES - 6

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

- Insurance companies are responsible for the accuracy of evaluation to determine actual case value.

2.27 To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity, and

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

2.28 The Beck's hired Property Claim Advocates to assist them with the insurance claim. Property Claim Advocates is a public-adjusting firm. A public adjuster is "an adjuster employed by and representing solely the financial interests of the insured named in the policy." RCW 48.17.010(1)(b).

2.29 It is a violation of insurance industry standards to discriminate against an insured simply because they are represented by a public adjuster.

2.30 To date, the Plaintiffs have not received all the benefits they are entitled to receive under the policy.

2.31 Defendant American Family has violated the Unfair Claim Settlement Practices Regulation, fallen below insurance industry standards for handling insurance claims, and breached the policy.

2.32 Plaintiffs claim has yet to be resolved.

2.33 Defendant American Family constructively denied coverage for Plaintiff's claim.

2.34 Defendant American Family intentionally placed the financial interests of itself ahead of its insureds, the Beck's, by failing to adequately inspect and provide

COMPLAINT FOR DAMAGES - 7

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

payment sufficient for the Plaintiffs to return their home to its pre-loss condition, in violation of *Tank v. State Farm*.

2.35   Because of Defendant's conduct, the Plaintiffs have been damaged in several ways, including, without limitation, the following:

- Loss of use and enjoyment of their home;
- Insuring investigative expenses that should have been borne by Defendant American Family;
- Having to hire counsel;
- Being denied payment under the policy for all rights and benefits;
- Exposure to increased inconvenience;
- Spending substantial time dealing with the insurance claim; and
- Emotional distress, aggravation, and anxiety.

### III.   CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
(Insurance Fair Conduct Act – RCW 48.30 *et seq.*, RCW 19.86 et seq. – American Family)

3.1   Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 2.35.

3.2   Defendant American Family owes Plaintiffs a quasi-fiduciary duty to exercise good faith in its claims handling.

3.3   Plaintiffs made a valid request for payment under their policy, but Defendant American Family failed to tender proper payment after receipt of sufficient information to allow payment under the policy.

3.4   Defendant American Family also chose not to properly investigate Plaintiffs' claim.

COMPLAINT FOR DAMAGES - 8

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.5 Defendant American Family refused to pay this coverage, did not respond to pertinent communications about this coverage, and continues to deny Plaintiffs' claim by refusing to fully indemnify the Plaintiffs.

3.6 Defendant American Family did not attempt in good faith to resolve Plaintiffs claim as required by Washington State law.

3.7 Plaintiffs were unfairly discriminated against because they were represented by a public adjuster.

3.8 Plaintiffs are now wrongfully required to initiate litigation in order to receive the amount promised by Defendant American Family under the policy. Defendant American Family's acts and omissions are in bad faith in violations of WAC 284-30 et seq. and RCW 48.30 et seq.

3.9 Plaintiffs satisfied the requirement of RCW 48.30.015 for pre-suit IFCA, and this complaint incorporates the allegations from that notice.

3.10 Defendant American Family committed an unfair trade practice when it acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

3.11 Pursuant to *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986), Defendant American Family owes attorney's fees and costs for its acts of bad faith.

## SECOND CAUSE OF ACTION
(Bad Faith Violations – All Defendants)

3.12 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.11.

COMPLAINT FOR DAMAGES - 9

3.13 Plaintiffs and Defendant American Family entered into a contractual relationship for the policy.

3.14 Implied in every insurance contract in Washington State is a duty of good faith and fair dealing.

3.15 Defendant American Family breached its duties when they failed to deal fairly with the Beck's, by giving greater consideration to the insurance company's interests instead choosing to pursue its finalization of the claim prior to properly evaluating and compensating Plaintiffs.

3.16 Defendant American Family further breached their duties when they forced their insured to seek counsel to pursue their covered losses.

3.17 Defendant failed to assess the damages and pay them in a timely manner.

3.18 Defendants' breaches caused damage to Plaintiffs.

3.19 Under Washington law in *Tank v. State Farm Fire & Cas. Co.,* 105 Wash.2d 381, 715 P.2d 1133 (1986). Defendant owes attorney fees and costs for their acts of bad faith.

### THIRD CAUSE OF ACTION
(Breach of Contract)

3.20 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.19.

3.21 Plaintiffs and Defendant American Family entered a mutual contractual relationship where American Family would provide an insurance policy in consideration of payment by Plaintiffs.

3.22 The policy is a valid, enforceable contract.

3.23 Plaintiffs are entitled to full compliance with the policy.

COMPLAINT FOR DAMAGES - 10

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.24  Plaintiffs are entitled to coverage and every benefit available to Plaintiffs under the policy.

3.25  Defendant American Family's refusal to pay, adequately investigate, or adequately communicate regarding Plaintiffs' claim regarding their policy is a breach of that contract.

3.26  Defendant American Family's breach of contract is a proximate cause of Plaintiff's damages.

## FOURTH CAUSE OF ACTION
**(Consumer Protection Act)**

3.31  Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.27.

3.32  Defendant American Family committed an unfair trade practice when they acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

3.33  Additionally, Defendant American Family's wrongful claims handling also constitutes an unfair or deceptive trade practice as defined in RCW 48.01.030.

3.34  Defendant American Family, by refusing to participate in the claims process by ignoring pertinent claims communications and failing to provide reasonable assistance and claim documentation/information, constitutes an unfair or deceptive trade practice.

3.35  Defendant American Family is engaged in the business of insurance which is one affected by the public interest as defined in RCW 48.01.030.

3.36  Plaintiffs sustained injury to her property as a result of Defendant's actions.

COMPLAINT FOR DAMAGES - 11

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.37 Defendant American Family's acts and omissions violated Washington's Consumer Protection Act, RCW 19.86.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgement/RCW 7.24)

3.38 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.38.

3.39 Plaintiffs seek a judgment from this Court declaring that they are entitled to coverage under the policy.

3.40 Plaintiffs seek a judgment from this Court declaring the amounts of benefits to which they are entitled.

3.41 Plaintiffs seek a judgment from this Court declaring that Defendant American Family is estopped by its bad faith from utilizing any evidence acquired three days after September 10, 2024, the date when received the insured's 20-day Insurance Fair Conduct Act Notice.

3.42 American Family is liable for Plaintiff's reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, Wn.2d 37, 51-53 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn2d 26, 37, 904 P.2d 731 (1995).

## SIXTH CAUSE OF ACTION
### (Negligent Claims Handling)

3.43 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.42.

3.44 Defendants handling of the insurance claim was unreasonable.

3.45 Defendant American Family's adjusters failed to properly investigate.

COMPLAINT FOR DAMAGES - 12

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.46  Defendant American Family is in violation of the provisions of the Unfair Claims Settlement Practices Regulation.

3.47  Defendant American Family's adjusters failed to investigate or procure a qualified expert to assess the damaged property.

3.48  Defendant American Family failed to adequately train Plaintiffs' claims handlers in Washington's claims handling procedures under Washington law.

3.49  Defendant American Family's adjusters unfairly discriminated against Plaintiffs because they were represented by a public adjuster.

3.50  Defendant American Family is in violation of industry standards for the handling of insurance claims.

3.51  Plaintiffs sustained damage as a result of Defendant's conduct.

## IV.  DAMAGES

4.1  Plaintiffs have suffered general and special damages due to the actions of Defendant in amounts to be proven at trial.

4.2  Defendant's actions and failure to process the claim forced Plaintiffs to retain counsel.

4.3  Plaintiffs have a contractual right to be adequately compensated for their damages by Defendant.

4.4  Plaintiffs have sustained injuries due to Defendant's unfair and deceptive acts and practices.

4.5  Plaintiffs have been damaged by the acts and omissions of Defendant in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 13

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

**WHEREFORE**, Plaintiffs Warren and Wendy Beck demand judgment against Defendants for an Order as follows:

1. Judgment against the Defendant for general damages;

2. Judgment against Defendant for special damages incurred by Plaintiffs;

3. Judgment against Defendant for Plaintiff's taxable costs and disbursements incurred herein and for statutory damages as authorized by contracts; the CPA, or other applicable statutes; as well as enhanced damages pursuant to RCW 19.86.090, and *Olympic Steamship v Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991);

4. Pre-judgment interest and reasonable attorney's fees and costs as provided by contract, equity, the CPA, or RCW 4.84.250 et seq.; and

5. For other and further relief as the Court may deem just and proper.

Dated: This 16th day, of January 2025.

BEST LAW, PLLC

By: /s/ Ryan Best
Ryan Best, WSBA #33672
Carigan Pereiro, WSBA #62731
Madison Florey, WSBA #62738
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
ryan.best@bestlawspokane.com

COMPLAINT FOR DAMAGES - 14

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957